Exhibit 3

*California Valley Miwok Tribe v. Haaland*, 24-CV-947 (D.D.C.) Motion to Dismiss



INTERIOR BOARD OF INDIAN APPEALS

Silvia Burley, Chairwoman, and the California Valley Miwok Tribe v. Acting Pacific Regional Director, Bureau of Indian Affairs

66 IBIA 270 (07/17/2019)



# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF INDIAN APPEALS
801 NORTH QUINCY STREET
SUITE 300
ARLINGTON, VA 22203

| | | |
|---|---|---|
| SILVIA BURLEY, CHAIRWOMAN, and THE CALIFORNIA VALLEY MIWOK TRIBE, | ) ) ) ) | Order Docketing and Dismissing Appeal |
| Appellants, | ) ) | |
| v. | ) ) | Docket No. IBIA 19-042 |
| ACTING PACIFIC REGIONAL DIRECTOR, BUREAU OF INDIAN AFFAIRS, | ) ) ) ) | |
| Appellee. | ) | July 17, 2019 |

    Silvia Burley, Chairwoman, and the California Valley Miwok Tribe (collectively, Appellants),[1] appealed to the Board of Indian Appeals (Board) from a December 21, 2018, decision (Decision) of the Acting Pacific Regional Director (Regional Director), Bureau of Indian Affairs (BIA), validating a petition requesting a Secretarial election permitting the eligible voters of the California Valley Miwok Tribe to adopt or reject the proposed Constitution of the California Valley Miwok Tribe. The Regional Director's decision advised that "in accordance with 25 C.F.R. [§] 81.62(b)(2) this is a final agency action for the Department of the Interior." Decision at 2 (unnumbered).

    Upon receipt of this appeal, the Board ordered Appellants to show cause why the appeal should not be dismissed for lack of jurisdiction to review a decision that, by regulation, appears to be final for the Department. Pre-Docketing Notice and Order to Show Cause (OSC), Feb. 25, 2019, at 2. The Board explained that while generally the Board has jurisdiction to hear appeals from administrative actions or decisions of BIA officials issued under regulations in 25 C.F.R. Chapter 1, *see* 43 C.F.R. § 4.330(a), its jurisdiction may be restricted "[w]here otherwise provided by law or regulation," OSC at 2; *see id.* § 4.331(c). The Board also explained that a decision which, by regulation, is final for

---

[1] The appeal was filed on behalf of Silvia Burley, as Chairwoman, and on behalf of the California Valley Miwok Tribe, and the Board has captioned the case accordingly. The Board's caption of this case shall not be construed as a determination on the merits regarding the representation of Ms. Burley as Chairwoman, or her authority to bring this appeal on behalf of the California Valley Miwok Tribe.

the Department at the time of its rendition, is not subject to further review by the Board. *See* OSC at 2.

Appellants responded on March 21, 2019, arguing that the Board has jurisdiction to review the Decision because the Regional Director "misinterpreted and misapplied" Section 16 of the Indian Reorganization Act of 1934 (IRA), 25 U.S.C. § 5123, which allows an "Indian tribe" to petition BIA for a Secretarial election.[2] Appellants' Response to Board's Pre-Docketing Notice and Order to Show Cause, Mar. 21, 2019, at 1 (Appellants' Response). Appellants argued that the petition for a Secretarial election was submitted by "non-members of the current federally recognized tribe," and that the Regional Director's decision to validate the petition "is therefore *ultra virus* [sic] and an unlawful interference in a tribal membership dispute." *Id.* Appellants contended that "[t]he historical record, and by BIA's own dealings, show that Appellants are the federally acknowledged Tribe," and that "[o]nly the Appellants can request a Section 16 election." *Id.* Appellants further argued that the Decision is not final for the Department because a petition by non-members violates Section 16 and Section 19[3] of the IRA, and therefore does not come under the 25 C.F.R. Part 81 regulations governing Secretarial elections. *See id.* at 4, 9, 12-14. Appellants then urged the Board to "assume jurisdiction over this matter as this is a membership matter." *Id.* at 15. In the alternative, Appellants recommended that the Board refer the matter to the Assistant Secretary – Indian Affairs as it involves "internal tribal membership matters." *Id.* at 15-16.

On May 30, 2019, the Regional Director issued a decision finding that the April 15, 2019, Secretarial election was invalid.[4] Letter from Regional Director to Spokesperson for California Valley Miwok Tribe Petitioners, May 30, 2019, at 1 (unnumbered) (May 2019 Decision). The Regional Director explained that "[m]ost of the people who petitioned for, and took part in, the Secretarial Election are descendants of John Jeff," who BIA previously considered "the son of base roll member Jeff Davis." *Id.* Following challenges to the election, BIA commenced a review of the eligibility of the individuals who participated in

---

[2] Section 16 of the IRA provides that "[a]ny Indian tribe shall have the right to organize for its common welfare, and may adopt an appropriate constitution and bylaws . . . which shall become effective when ratified by a majority vote of the adult members of the tribe . . . at a special election authorized and called by the Secretary under such rules and regulations as the Secretary may prescribe." 25 U.S.C. § 5123(a).

[3] Section 19 defines the terms "Indian" and "tribe" as used in the IRA. 25 U.S.C. § 5129.

[4] By order dated March 14, 2019, the Board placed the Regional Director's December 21, 2018, decision authorizing the Secretarial election into effect. *See Burley v. Central California Agency Superintendent*, 66 IBIA 136, 136 n.1 (2019).

the election. *Id.* at 2. As part of that review, and based on a finding of the Office of Federal Acknowledgment (OFA) within the Office of the Assistant Secretary – Indian Affairs that John Jeff was not the son of Jeff Davis, the Regional Director determined that "most of the participating individuals" were not eligible to participate in the election. *Id.* (citing an enclosed Memorandum from Director, OFA, to Regional Director, May 30, 2019). "Consequently," the Regional Director concluded, "I have no choice but to invalidate the election." *Id.* The Regional Director stated that, pursuant to 25 C.F.R. § 81.45, "this decision is final for the Department." *Id.*

As the Board explained in the OSC, Appellants' appeal is subject to dismissal for lack of jurisdiction to review the Regional Director's December 21, 2018, decision validating the petition for a Secretarial election. Section 81.62(b) provides that the "Authorizing Official," here, the Regional Director, must issue a written determination on "whether the petition is valid" and include a statement that the decision is a "final agency action." 25 C.F.R. § 81.62(b)(1)-(2). The term "final agency action" is defined to mean that "the Authorizing Official's approval or disapproval of a Secretarial election . . . is *final for the Department*." *Id.* § 81.4 (definitions) (emphasis added). We conclude that under the regulations governing decisions whether to validate a petition for a Secretarial election, the Regional Director's decision is final for the Department and thus the Board must dismiss this appeal for lack of jurisdiction.

Moreover, BIA has revisited an issue that was central to its validation of the petition—the identity of the individuals eligible to request and participate in a Secretarial election concerning a proposed tribal constitution for the California Valley Miwok Tribe. The Decision validated the petition based in part on a prior determination that the descendants of Jeff Davis were eligible to petition for and participate in an election. *See* Decision at 1. As noted above, as a result of challenges to the April 15, 2019, Secretarial election, BIA further reviewed the eligibility of those participating in the election and found that most of the individuals who petitioned for the election, and subsequently voted in the election, had been deemed eligible as descendants of John Jeff, but that John Jeff is not in fact the son of Jeff Davis.[5] The Regional Director's May 2019 decision resolving these challenges and invalidating the election is, as the Regional Director stated, final for the Department pursuant to 25 C.F.R. § 81.45, and therefore not subject to review by the

---

[5] For a Federally recognized tribe adopting a governing document for the first time, the petition must have signatures of 50% of the tribal members aged 18 or older. 25 C.F.R. § 81.57(b). Here, the Decision stated that the petition contained 153 signatures out of 289 eligible voters identified by the petitioners. Decision at 2.

Board.[6]  *See Two Shields v. Great Plains Regional Director*, 64 IBIA 10, 11 (2016) (regional director's decisions denying challenges to Secretarial election were final for the Department and thus outside the Board's jurisdiction); *see also Hughes v. Acting Southern Plains Regional Director*, 65 IBIA 10, 12 (2017) (regional director's decision approving amendment to tribe's constitution, which was adopted by majority of qualified voters in a Secretarial election, was final for the Department under 25 C.F.R. § 81.45).

Therefore, pursuant to the authority delegated to the Board of Indian Appeals by the Secretary of the Interior, 43 C.F.R. § 4.1, the Board dismisses this appeal for lack of jurisdiction.

I concur:

\_\_\_\_\_// original signed_____        \_\_\_\_\_//original signed_____
Robert E. Hall                                                          Thomas A. Blaser
Administrative Judge                                             Chief Administrative Judge

---

[6] The Board also notes that it lacks jurisdiction to review tribal enrollment disputes.  *See* 43 C.F.R. § 4.330(b)(1).