Exhibit 5

*California Valley Miwok Tribe v. Haaland*, 24-CV-947 (D.D.C.) Motion to Dismiss

DELIVERY OF NOTICE OF APPEAL OF APRIL 26TH CVMT PETITION

ACCEPTED BY: *Margaret Robinson*

*5-22-24*

**RECEIVED**

**MAY 22 2024**

**Bureau of Indian Affairs**
**Central California Agency**

Walk-in



**SALLY EREDIA**
LEGAL ASSISTANT

P: 916-441-2700
F: 916-441-2067
E: seredia@ndnlaw.com

2020 L Street, Suite 250
Sacramento, CA 95811
ndnlaw.com

# CALIFORNIA VALLEY MIWOK TRIBE

Website: http://www.californiavalleymiwok.us   E-mail: office@cvmt.net



**RECEIVED**

**MAY 2 2 2024**

**Bureau of Indian Affairs**
**Central California Agency**

May 22, 2024

*Notice of Appeal*

PERSONAL DELIVERY

Harley Long, Superintendent
Central California Agency
650 Capitol Mall, Suite 8-500
Sacramento, California 95814

## CHALLENGE TO NOTICE OF PETITION FOR SECRETARIAL ELECTION AND STATEMENT OF REASONS

PLEASE TAKE NOTICE that Silvia Burley, as a tribal member and Chairperson of the Tribal Government[1] for the federally recognized California Valley Miwok Tribe, California ("CVMT"),[2] and as authorized pursuant to Resolution R-1-05-09-2024,[3] hereby files this Challenge (the "Challenge"), pursuant to 25 C.F.R. § 81.61 on behalf of the CVMT Tribal Government against the Petition for Secretarial election submitted by Antonia Lopez on behalf of individuals purporting to be members of the California Valley Miwok Tribe, California (the "Petition"). The submitted Petition was Noticed by the Central California Agency on April 22, 2024 (the "Notice"). Delivery of the Notice was not made directly to the Tribal Government. The Tribal Government received the Notice through legal counsel; by letter with enclosures on May 7, 2024, from the Central California Agency, signed by the Local Bureau Official, Superintendent Long. A true and complete copy of the Letter to Counsel, with the Notice and enclosures of the Petition with signatures is attached hereto as Exhibit A.

### THE NOTICED PETITION

The Petition contains 177 printed names on numbered lines for each individual, addresses, dates, and signatures. The Petition contains a declaration at the bottom of each signature page by the signature

---

[1] The Tribal Government of the California Valley Miwok Tribe consists of the Official Duly Elected Tribal Council. The members who make up the Elected Tribal Council are Silvia Burley, Chairperson; Anjelica Paulk, Vice Chairperson; and Rashel K. Reznor, Secretary-Treasurer. *See* Exhibit I.

[2] *California Valley Miwok Tribe*, 88 Fed. Reg. 944 (Jan. 8, 2024).

[3] *See* Resolution R-1-05-09-2024, attached hereto as Exhibit J.

CVMT Challenge to Petition for Secretarial Election
May 22, 2024
Page **2** of **9**

collector, and is signed before a notary. The Petition at the top of each signature page contains the following language, "By applying my signature on the petition I am joining in the request for Bureau of Indian Affairs to call and conduct a Secretarial Election on the attached proposed Constitution of the California Valley Miwok Tribe." *See* Exhibit A.

## APPLICABLE REGULATIONS - 25 C.F.R. Part 81

The Code of Federal Regulations at 25 C.F.R. Part 81, Exhibit B, prescribes the Department of Interior's procedures for authorizing and conducting elections[4] when Federal statute or the terms of a tribal governing document require the Secretary to conduct and approve an election to adopt, amend, or revoke tribal governing documents; or adopt or amend charters. *See* 25 C.F.R. § 81.1. Part 81 applies to CMVT as a federally recognized tribe. *See* 25 C.F.R. § 81.2(a).

*Subpart C—Provisions Applicable to All Secretarial Elections - 25 C.F.R. § 81.6*

A Secretarial election may be requested by a Tribe[5] by "[a] duly adopted tribal resolution, tribal ordinance, other appropriate tribal document requesting the Secretary to call a Secretarial election, or, in the absence of an existing governing document or if authorized or required by the existing governing documents." *See* 25 C.F.R. § 81.6(a)(1).

Alternatively, a Secretarial election may be requested by a petition, submitted by a petitioner. *Id*. A Petition means the official document submitted by the petitioners to the Secretary to call a Secretarial election for the purpose of adopting or ratifying a new governing document, amending the tribe's existing governing document, or revoking the tribe's existing governing document. 25 C.F.R. § 81.4. A Petitioner means a tribal member who is 18 years of age or older (and, if the tribe's governing document imposes additional requirements for petitioning, also meets those requirements), and signs a petition. *Id*. A Member of a tribe or tribal member means any person who meets the criteria for membership in a tribe and, if required by the tribe, is formally enrolled. *Id*.

In addition to a request made by a Tribe or a petitioner, the request must include the exact document or amended language to be voted on. *See* 25 C.F.R. § 81.6(a)(2).

*Subpart F—Formulating Petitions To Request a Secretarial Election - 25 C.F.R. §§ 81.49 – 81.63.*

This subpart establishes requirements for formulating and submitting petitions to request the Secretary to call a Secretarial election as required by the governing documents or charters of incorporation

---

[4] *See* 25 C.F.R. § 81.4: Secretarial election means a Federal election conducted by the Secretary under a Federal statute or tribal governing document under this part.
[5] *See* 25 C.F.R. § 81.4: Tribe means any Indian or Alaska Native tribe, band, nation, pueblo, village or community that is listed in the Federal Register under 25 U.S.C. § 5129, as recognized and receiving services from the Bureau of Indian Affairs. CVMT is a Tribe.

of tribes issued under the Indian Reorganization Act (IRA), 25 U.S.C. §§ 5123 and 5124, as amended. This Subpart may also be used by a federally recognized tribe that is adopting a governing document, under Federal statute, for the first time.

### 25 C.F.R. § 81.51

Tribal members wishing to circulate a petition to adopt or amend the tribe's governing document may submit the proposed document to the Local Bureau Official for review and comment. The Local Bureau Official may help the petitioners in drafting governing documents, bylaws, charters, amendments and revocations. The Bureau may also explain the Secretarial election process.

### 25 C.F.R. § 81.52

This subsection provides that a member of the tribe who is 18 years of age or older whose tribe's governing document or charter of incorporation permits tribal members to petition the Secretary to authorize a Secretarial election.

### 25 C.F.R. § 81.53

A member of the tribe who is 18 years of age or older may sign a petition. Where the tribe's governing document imposes additional requirements (other than age requirements) on who may petition, those requirements also apply.

### 25 C.F.R. § 81.54

In support of a petition to be submitted to the Secretary, the petitioners must designate a spokesperson to submit the petition and act on their behalf for the petitioning process.

### 25 C.F.R. § 81.55

The petition must be formatted and contain a summary of the purpose of the petition, or proposed document, or proposed amendment language; numbered lines for each individual to print their legal name, current mailing address, date, and signature, and; contain a declaration at the bottom of each page to confirm that the collector was present when each signature was collected. The individuals signing must print their legal name, current mailing address, date and sign on a numbered line.

As provided in 25 C.F.R. §§ 81.51 through 81.54, the signers and designated spokesperson of the petition, as well as the initiators, must be tribal members.

CVMT Challenge to Petition for Secretarial Election
May 22, 2024
Page **4** of **9**

### 25 C.F.R. § 81.57

This subsection provides two options for petitioning the Secretary. First, for a Tribe whose governing document or charter of incorporation provides for petitioning the Secretary to call a Secretarial election, the spokesperson for the petitioners may ask the tribe or Local Bureau Officials how many signatures are required. The Local Bureau Official will contact the tribal governing body to obtain the current number of tribal members, 18 years of age or older, to determine the number of tribal members who must sign a petition as required by the tribe's governing document; and notify the petitioners' spokesperson how many signatures are required and that the number is valid for 180 days from the date of this notification. *See* 25 C.F.R. § 81.57(a)(2).

The second option is for a federally recognized tribe adopting a governing document under Federal statute for the first time, the petition must have signatures of 50 percent of the tribal members who are 18 years of age or older. In either event, there must a be a current number list of tribal members maintained by the Tribal Government.

### 25 C.F.R. § 81.60

When the petition is submitted, the Local Bureau Official processes the petition in the following manner:

(a) The Local Bureau Official must, on the date of receipt, date stamp the petition to record the Official Filing Date, and make four copies of the petition for use as follows:
  (1) Posting at the local Bureau office for 30 days from the Official Filing Date, including a statement of the proposal contained in the petition and instructions for filing a challenge;
  (2) Use in determining sufficiency of petition; and
  (3) For viewing at the Local Bureau Office by a member of the tribe, 18 years of age or older.

(b) The Local Bureau Official must, within one week of the Official Filing Date:
  (1) Provide the spokesperson written acknowledgment of receiving the petition, which contains the Official Filing Date, the exact number of signatures submitted on the petition, and the statement "The petitioners may not add or withdraw any signatures from the petition after the Official Filing Date"; and
  (2) Provide a copy of the written acknowledgment of receipt and petition to the recognized tribal governing body.

(c) The Local Bureau Official must:
  (1) Consult with the Office of the Solicitor to determine if any of the provisions that are the subject of the petition are or may be contrary to applicable law; and

(2) If it appears that a provision is or may be contrary to applicable law, notify the petitioner's spokesperson in writing (with a copy to the recognized tribal governing body) how the provision may be contrary to applicable law.

(d) The Local Bureau Official must promptly notify the petitioners (with a copy to the recognized tribal governing body) of any problems identified under paragraph (c) of this section at least 30 days before calling the election.

### CHALLENGE TO PROPOSED PETITION AND NOTICE

This Challenge is made by the Tribal Government of CVMT pursuant to 25 C.F.R. § 81.61.

The Petition that has been submitted by Antonia Lopez and posted by the Local Bureau Official pursuant to 25 C.F.R. 81.60, through a Notice, suffers from several defects that renders the Petition improper and invalid. This is because it contains signatures of 172 ineligible members, and it does not contain the exact document to be voted on. Additionally, the Notice issued by the Local Bureau Official does not comply with 25 C.F.R. Part 81 as it harbors administrative defects.

I. **PETITION CHALLENGE PURSUANT TO 25 C.F.R. § 81.61**

The Challenge to the Petition is made pursuant to 25 C.F.R. § 81.61(a) and (b)(2) against the signatures appearing on the Petition challenging the eligibility certain individuals; and pursuant to 25 C.F.R. § 81.61(b)(3) certain pages of the Petition for being inconsistent or improperly formatted.

a) **25 C.F.R. § 81.61(a) and (b)(2)**

Pursuant to 25 C.F.R. § 81.61(a), the Petition at pages identified as 19 pages and 177 Lines are challenged. Pursuant to 25 C.F.R. § 81.61(b)(2), the identified individuals on the identified page numbers and lines are challenged as ineligible to sign the Petition. In order to satisfy the obligation of 25 C.F.R. § 81.61(b)(2), Chairperson Silvia Burley on behalf of Tribal Government of CVMT, submits the following documentation supporting the Challenge that the identified pages and lines and identified individuals being challenged are ineligible to sign the Petition as they are not tribal members as defined under 25 C.F.R. § 81.4:

1) <u>Exhibit C</u>: The Official Tribal Roll for CVMT dated January 8, 2023. This Official Tribal Roll contains the names, ages, and roll numbers for of all enrolled tribal members of the CVMT.
2) <u>Exhibit D</u>: ORDINANCE NO. 2002-01. AN ORDINANCE OF THE TRIBAL COUNCIL OF THE CALIFORNIA MIWOK TRIBE ESTABLISHING REGULATIONS AND PROCEDURES GOVERNING ENROLLMENT AND DISENROLLMENT OF MEMBERS.
3) <u>Exhibit E</u>: CVMT Procedure Stages for Enrollment Application (2019).

4) <u>Exhibit F</u>: Spreadsheet identifying the challenged individuals as ineligible and providing descriptive reasons for their ineligibility.
5) <u>Exhibit G</u>: List of Putative Members.
6) <u>Exhibit H</u>: Declaration of Silvia Burley.

As 25 C.F.R. §§ 81.51 – 81.54 provide, there is an operative requirement for the person who may circulate a petition, initiate a petition, who may sign a petition, and who is authorized to submit a petition. The qualifier present in all of those subsections is the requirement that person acting must be a <u>tribal member</u> of CVMT. Here, the documentation provided in Exhibits C-H of this Challenge supports that the individuals who circulated the Petition, initiated the Petition, signed the Petition, and submitted the Petition suffer from the same disqualifier, as they are not tribal members and are therefore ineligible.

The identified spokesperson in the Notice, Antonia Lopez, like the other signers to the Petition, fails to meet the definition of a tribal member listed under 25 C.F.R. §81.4 and is therefore ineligible to circulate, initiate, sign, or be authorized to submit the Petition to the Local Bureau Official. Additionally, because Ms. Lopez is ineligible to participate in this process, she cannot be a designated spokesperson.

### b) 25 C.F.R. § 81.61(a) and (b)(3)

Pursuant to 25 C.F.R. § 81.61(a), the Petition at pages identified as 1 – 19 are challenged.

The pages identified provide that the Petition is improperly formatted, pursuant to 25 C.F.R. § 81.61(b)(3). Each identified page contains the sentence at the top of each page, "By applying my signature on the petition I am joining in the request for Bureau of Indian Affairs to call and conduct a Secretarial Election on the *attached proposed Constitution of the California Valley Miwok Tribe*." (emphasis added). The improper format challenge is supported because there is/are no document(s) attached to or provided with the Petition, as referenced on each identified page in the Petition.

25 C.F.R. § 81.6(a)(2) requires that the petitioner must submit "The exact document or amended language to be voted on[.]" Moreover, 25 C.F.R. § 81.55(a)(1) requires that the Petition must contain "[a] summary of the purpose of the petition, or proposed document, or proposed amendment." Here the Petition is improperly formatted because there is no document attached to or provided with the Petition. A simple reference to a document that is not attached or does not exist fails to satisfy the requirements necessary in order to call for a Secretarial election under 25 C.F.R. Part 81.

For these reasons provided, the Challenge made pursuant to 25 C.F.R. § 81.61 against the Petition is substantiated and provides why the Petition must be determined to be invalid, and why it cannot be validated pursuant to 25 C.F.R. § 81.62 for purposes of calling a Secretarial election.

## II.     THE PETITION'S PROCEDURAL DEFECTS

The Petition suffers from procedural defects that render it improperly submitted and does not satisfy the requirements of 25 C.F.R. Part 81.

First, the Tribal Government has not submitted such a request to call for a Secretarial election pursuant to 25 C.F.R. § 81.6(a)(1). The only other option to request a Secretarial election under the same subsection is by a petition that has been verified by the Bureau as having the minimum number of required signatures of tribal members. In order to establish the minimum number of required signatures, the Local Bureau Official is required to contact the Tribal Governing Body of CVMT to "determine the number of tribal members who must sign a petition as required by the tribe's governing document[.]" 25 C.F.R. § 81.57(a)(2)(i).

Here, the Bureau cannot verify the minimum number of required signatures of tribal members for two reasons. The primary reason that the Local Bureau Official cannot verify the minimum number because the Bureau <u>never</u> contacted the Tribal Governing Body of CVMT to "determine the number of tribal members who must sign a petition as required by the tribe's governing document[,]" as required by 25 C.F.R. § 81.57(a)(2)(i). Even if the Bureau had contacted and received the current number of tribal members, the Bureau could not even verify over 50 percent of the tribal members are listed in the Petition under the CVMT Official Tribal Roll at Exhibit C. *See* 25 C.F.R. § 81.57(b). The second reason that the Bureau cannot verify this number for the Petition is because, and as shown above, the identified 172 of the individuals are not tribal members under the definition of 25 C.F.R. § 81.4, and are therefore ineligible to call for a Secretarial election under 25 C.F.R. Part 81.

Second, the Petition does not satisfy the requirements of 25 C.F.R. §§ 81.51 – 81.54. In order to initiate a Petition under 25 C.F.R. § 81.52, the subsection requires that the Tribe's governing document or charter of incorporation permits tribal members to petition the Secretary. The individuals participating in this Petition do not cite to any authorizing document or charter to initiate this Petition.

As stated before, there is no support that these identified individuals who have signed the Petition are tribal members. The subsection requirements of 25 C.F.R. §§ 81.51 – 81.54 cannot be satisfied because Antonia Lopez, like the other signers to the Petition, fail to meet any requirement in authorizing this Petition and are ineligible to sign the Petition as highlighted in this Challenge pursuant to 25 C.F.R. § 81.61. This Challenge stands on the basic premise that Ms. Lopez and the signers are not tribal members and they do not meet the definition of a tribal member listed under 25 C.F.R. §81.4. As shown in [Exhibit D] only five (5) individuals out of the total 177 of signers can claim that they are tribal members, but even more recently they have issues with their own enrollment with CVMT. In support of this position, there is no verification that is provided with the Petition to support their claim as tribal members. Even if the identified individuals were tribal members, there is no documentation to support a designation of a spokesperson to submit this Petition as required by 25 C.F.R. § 81.54.

Finally, the Petition is defective because the Petition lacks the exact document or amended language to be voted on. 25 C.F.R. § 81.6(a)(2) requires "The exact document or amended language to be voted on;" and 25 C.F.R. § 81.55(a)(1) requires, "A summary of the purpose of the petition, or proposed document, or proposed amendment language." As pointed to in the Challenge to under 25 C.F.R. §81.61(b)(3), the Petition is improperly formatted because it does not contain this exact document. Because the Petition does not satisfy the requirements for 25 C.F.R. § 81.6(a)(2) and 25 C.F.R. § 81.55(a)(1), it is procedurally deficient and therefore must be determined to be invalid for purposes of calling a Secretarial election.

In conclusion, because of these procedural deficiencies, this Petition must be determined to be invalid, and cannot be validated pursuant to 25 C.F.R. § 81.62 for purposes of calling a Secretarial election.

### III.   THE LOCAL BUREAU OFFICIAL'S ADMINISTRATIVE DEFECTS

The Notice issued by the Local Bureau Official contains administrative defects.

First, the Notice conspicuously fails to cite the appropriate Code of Federal Regulation (25 C.F.R. § 81.61) to substantiate a challenge against the Petition.

Second, the Notice is insufficient and defective. 25 C.F.R. § 81.55(a)(1) requires that the Petition must contain "[a] summary of the purpose of the petition, or proposed document, or proposed amendment." Moreover, 25 C.F.R. § 81.6(a)(2) requires that the petitioner must submit "The exact document or amended language to be voted on[.]" Here, the Notice repeats this same defect as the Petition in that there is no document attached or provided to the Petition. A simple reference to a document does not satisfy the requirements to call for a Secretarial election under 25 C.F.R. Part 81.

Third, the Local Bureau Official has failed to comply with 25 C.F.R. Part 81. Pursuant to 25 C.F.R. § 81.60 (b) the Local Bureau Official did not within one week provide, has not provided, a copy of the written acknowledgement of receipt and Petition to the recognized Tribal Governing body. *Id.*, at (b)(2); *See also* Exhibits A and H. The Notice and Petition was obtained by CMVT's legal counsel, the Law Firm of Peebles Kidder Bergin & Robinson LLP, on behalf of the Tribal Government on May 7, 2024.

Because of these administrative failures, the Tribal Government of CVMT requests any and all information and documentation regarding the "use in determining sufficiency" of the Petition pursuant to 25 C.F.R. § 81.60(a)(2); the communications and basis for determination that the Petition meets the required threshold of 50 percent of the tribal members who are 18 years of age or older pursuant to 25 C.F.R. § 81.57. This is also required under § 81.5(b) as the Bureau personnel is directed to provide a courtesy copy to the Tribe's Governing Body of all correspondence regarding technical assistance to the petitioners. Finally, the Tribal Government of CVMT requests any and all opinions and non-privileged communications

related to the Petition and the purported petitioners and signatories conducted by the Local Bureau Official pursuant to § 81.60(c).

## RELIEF SOUGHT AND CONCLUSION

This Challenge made by Silvia Burley on behalf of the Tribal Government in accord with 25 C.F.R. § 81.61 is respectfully filed and submitted against the Petition. It is reiterated that the Tribal Government has not submitted a call for a Secretarial election, and there is no legal option available to the individuals identified in the Petition to call for a Secretarial election under 25 C.F.R. Part 81. Because the Challenge identifies the appropriate pages and lines on which a signature appears; and is supported by documents that establish that there are ineligible individuals who signed the Petition; and because the Petition pages identified are inconsistent or improperly formatted as required by 25 C.F.R. Part 81, this Petition must be determined to be invalid, and cannot be validated pursuant to 25 C.F.R. § 81.62 for purposes of calling a Secretarial election.

As further identified, the Notice is defective and administrative requirements have not been met. The Local Bureau Official should retract the defective Notice and cease this process immediately. Finally, the Local Bureau Official should provide the requested and required communications to the Tribal Government, as soon as practicable. The Tribal Government of CVMT welcomes the opportunity to continue its direct government-to-government relationship with the Central California Agency and the Pacific Region Regional Office of the Bureau of Indian Affairs.

Sincerely,

CALIFORNIA VALLEY MIWOK TRIBE

*[signature: Silvia Burley]*

By: Silvia Burley, Chair

DELIVERY OF NOTICE OF APPEAL OF APRIL 26TH CVMT PETITION

ACCEPTED BY: *Margaret Robnson*
5-22-24

**RECEIVED**

MAY 2 2 2024

Bureau of Indian Affairs
Central California Agency

Walk-in

---

**SALLY EREDIA**
LEGAL ASSISTANT 

P: 916-441-2700
F: 916-441-2067
E: seredia@ndnlaw.com

2020 L Street, Suite 250
Sacramento, CA 95811
ndnlaw.com

**RECEIVED**

**MAY 2 2 2024**

May 22, 2024

**Bureau of Indian Affairs
Central California Agency**

PERSONAL DELIVERY

Harley Long, Superintendent
Central California Agency
650 Capitol Mall, Suite 8-500
Sacramento, California 95814

*NOTICE OF APPEAL*

## CHALLENGE TO NOTICE OF PETITION FOR SECRETARIAL ELECTION AND STATEMENT OF REASONS

PLEASE TAKE NOTICE that Mildred Burley and William David Burley Jr. III, as a tribal members of the federally recognized California Valley Miwok Tribe, California ("CVMT"),[1] hereby files this Challenge (the "Challenge"), pursuant to 25 C.F.R. § 81.61, to the Petition for Secretarial election submitted by Antonia Lopez on behalf of individuals purporting to be members of the California Valley Miwok Tribe, California (the "Petition"). The submitted Petition was noticed by the Central California Agency on April 22, 2024 (the "Notice"). A true and complete copy of the Notice and Petition with signatures is attached hereto as Exhibit A.

### THE NOTICED PETITION

The Petition contains 177 printed names on numbered lines for each individual, addresses, dates, and signatures. The Petition contains a declaration at the bottom of each signature page by the signature collector, and is signed before a notary. The Petition at the top of each signature page contains the following language, "By applying my signature on the petition I am joining in the request for Bureau of Indian Affairs to call and conduct a Secretarial Election on the attached proposed Constitution of the California Valley Miwok Tribe." *See* Exhibit A.

### APPLICABLE REGULATIONS - 25 C.F.R. Part 81

The Code of Federal Regulations at 25 C.F.R. Part 81, Exhibit B, prescribes the Department of Interior's procedures for authorizing and conducting elections[2] when Federal statute or the terms of a tribal governing document require the Secretary to conduct and approve an election to adopt, amend, or revoke tribal governing documents; or adopt or amend charters. *See* 25 C.F.R. § 81.1. Part 81 applies to CMVT as a federally recognized tribe. *See* 25 C.F.R. § 81.2(a).

---

[1] *California Valley Miwok Tribe*, 88 Fed. Reg. 944 (Jan. 8, 2024).
[2] *See* 25 C.F.R. § 81.4: Secretarial election means a Federal election conducted by the Secretary under a Federal statute or tribal governing document under this part.

Burley Challenge to Petition for Secretarial Election
May 22, 2024
Page **2** of **6**

### *Subpart C—Provisions Applicable to All Secretarial Elections - 25 C.F.R. § 81.6*

A Secretarial election may be requested by a Tribe[3] by "[a] duly adopted tribal resolution, tribal ordinance, other appropriate tribal document requesting the Secretary to call a Secretarial election, or, in the absence of an existing governing document or if authorized or required by the existing governing documents." *See* 25 C.F.R. § 81.6(a)(1).

Alternatively, a Secretarial election may be requested by a petition, submitted by a petitioner. *Id*. A Petition means the official document submitted by the petitioners to the Secretary to call a Secretarial election for the purpose of adopting or ratifying a new governing document, amending the tribe's existing governing document, or revoking the tribe's existing governing document. 25 C.F.R. § 81.4. A Petitioner means a tribal member who is 18 years of age or older (and, if the tribe's governing document imposes additional requirements for petitioning, also meets those requirements), and signs a petition. *Id*. A Member of a tribe or tribal member means any person who meets the criteria for membership in a tribe and, if required by the tribe, is formally enrolled. *Id*.

In addition to a request made by a Tribe or a petitioner, the request must include the exact document or amended language to be voted on. *See* 25 C.F.R. § 81.6(a)(2).

### *Subpart F—Formulating Petitions To Request a Secretarial Election - 25 C.F.R. §§ 81.49 – 81.63.*

This subpart establishes requirements for formulating and submitting petitions to request the Secretary to call a Secretarial election as required by the governing documents or charters of incorporation of tribes issued under the Indian Reorganization Act (IRA), 25 U.S.C. §§ 5123 and 5124, as amended. This Subpart may also be used by a federally recognized tribe that is adopting a governing document, under Federal statute, for the first time.

### 25 C.F.R. § 81.52

Tribal members wishing to circulate a petition to adopt or amend the tribe's governing document may submit the proposed document to the Local Bureau Official for review and comment. The Local Bureau Official may help the petitioners in drafting governing documents, bylaws, charters, amendments and revocations. The Bureau may also explain the Secretarial election process.

---

[3] *See* 25 C.F.R. § 81.4: Tribe means any Indian or Alaska Native tribe, band, nation, pueblo, village or community that is listed in the Federal Register under 25 U.S.C. § 5129, as recognized and receiving services from the Bureau of Indian Affairs. CVMT is a Tribe.

### 25 C.F.R. § 81.52

This subsection provides that a member of the tribe who is 18 years of age or older whose tribe's governing document or charter of incorporation permits tribal members to petition the Secretary to authorize a Secretarial election.

### 25 C.F.R. § 81.53

A member of the tribe who is 18 years of age or older may sign a petition. Where the tribe's governing document imposes additional requirements (other than age requirements) on who may petition, those requirements also apply.

### 25 C.F.R. § 81.54

In support of a petition to be submitted to the Secretary, the petitioners must designate a spokesperson to submit the petition and act on their behalf for the petitioning process.

### 25 C.F.R. § 81.55

The petition must be formatted and contain a summary of the purpose of the petition, or proposed document, or proposed amendment language; numbered lines for each individual to print their legal name, current mailing address, date, and signature, and; contain a declaration at the bottom of each page to confirm that the collector was present when each signature was collected. The individuals signing must print their legal name, current mailing address, date and sign on a numbered line.

As provided in 25 C.F.R. §§ 81.51 through 81.54, the signers and designated spokesperson of the petition, as well as the initiators, must be tribal members.

### 25 C.F.R. § 81.57

This subsection provides two options for petitioning the Secretary. First, for a Tribe whose governing document or charter of incorporation provides for petitioning the Secretary to call a Secretarial election, the spokesperson for the petitioners may ask the tribe or Local Bureau Officials how many signatures are required. The Local Bureau Official will contact the tribal governing body to obtain the current number of tribal members, 18 years of age or older, to determine the number of tribal members who must sign a petition as required by the tribe's governing document; and notify the petitioners' spokesperson how many signatures are required and that the number is valid for 180 days from the date of this notification. *See* 25 C.F.R. § 81.57(a).

The second option is for a federally recognized tribe adopting a governing document under Federal statute for the first time, the petition must have signatures of 50 percent of the tribal members who are 18 years of age or older.

### 25 C.F.R. § 81.60

When the petition is submitted, the Local Bureau Official processes the petition in the following manner:

(a) The Local Bureau Official must, on the date of receipt, date stamp the petition to record the Official Filing Date, and make four copies of the petition for use as follows:
   (1) Posting at the local Bureau office for 30 days from the Official Filing Date, including a statement of the proposal contained in the petition and instructions for filing a challenge;
   (2) Use in determining sufficiency of petition; and
   (3) For viewing at the Local Bureau Office by a member of the tribe, 18 years of age or older.

(b) The Local Bureau Official must, within one week of the Official Filing Date:
   (1) Provide the spokesperson written acknowledgment of receiving the petition, which contains the Official Filing Date, the exact number of signatures submitted on the petition, and the statement "The petitioners may not add or withdraw any signatures from the petition after the Official Filing Date"; and
   (2) Provide a copy of the written acknowledgment of receipt and petition to the recognized tribal governing body.

(c) The Local Bureau Official must:
   (1) Consult with the Office of the Solicitor to determine if any of the provisions that are the subject of the petition are or may be contrary to applicable law; and
   (2) If it appears that a provision is or may be contrary to applicable law, notify the petitioner's spokesperson in writing (with a copy to the recognized tribal governing body) how the provision may be contrary to applicable law.

(d) The Local Bureau Official must promptly notify the petitioners (with a copy to the recognized tribal governing body) of any problems identified under paragraph (c) of this section at least 30 days before calling the election.

## CHALLENGE TO PROPOSED PETITION

The Petition that has been submitted and posted by the Local Bureau Official pursuant to 25 C.F.R. 81.60, through a Notice, suffers from several defects that renders the Petition improperly submitted and invalid. This is because it contains signatures of 172 ineligible members, and it does not contain the exact document to be voted on. Additionally, the Notice issued by the Local Bureau Official does not comply with 25 C.F.R. Part 81 as it does not contain the exact document to be voted on. This Challenge is made by Mildred Burley and William David Burley Jr. III, as tribal members of CVMT pursuant to 25 C.F.R. § 81.61.

The Challenge to the Petition is made against the signatures appearing on the Petition challenging the eligibility certain individuals pursuant to 25 C.F.R. § 81.61(a) and (b)(2); and certain pages of the Petition for being inconsistent or improperly formatted pursuant to 25 C.F.R. § 81.61(b)(3).

### I. 25 C.F.R. § 81.61(a) and (b)(2)

Pursuant to 25 C.F.R. § 81.61(a), the Petition at pages identified as 1 – 19 and 177 Lines are challenged. Pursuant to 25 C.F.R. § 81.61(b)(2), the identified individuals on the page numbers and lines are ineligible to sign the Petition to call for a Secretarial election. In order to satisfy the obligation of 25 C.F.R. § 81.61(b)(2), the challengers Mildred Burley and William David Burley Jr. III, submits the following documentation supporting the Challenge that the identified individuals being challenged are ineligible to sign the Petition, as they are not tribal members as defined under 25 C.F.R. § 81.4:

1) <u>Exhibit C</u>: The Official Tribal Roll for CVMT dated January 8, 2023. This Official Tribal Roll contains the names, ages, and roll numbers for of all enrolled tribal members of the CVMT.
2) <u>Exhibit D</u>: ORDINANCE NO. 2002-01. AN ORDINANCE OF THE TRIBAL COUNCIL OF THE CALIFORNIA MIWOK TRIBE ESTABLISHING REGULATIONS AND PROCEDURES GOVERNING ENROLLMENT AND DISENROLLMENT OF MEMBERS.
3) <u>Exhibit E</u>: CVMT Procedure Stages for Enrollment Application (2019).
4) <u>Exhibit F</u>: Spreadsheet identifying the challenged individuals as ineligible and providing descriptive reasons for their ineligibility.
5) <u>Exhibit G</u>: List of Putative Members.
6) <u>Exhibit H</u>: Declaration of Silvia Burley.

As 25 C.F.R. §§ 81.51-81.54 provide, there is an operative requirement for the person who may circulate the petition, initiate a petition, who may sign the petition, and who is authorized to submit the petition. The qualifier present in all of those subsections is the requirement that person acting must be a <u>tribal member</u> of CVMT. Here, the information provided in Exhibits C – H of this Challenge supports that the individuals who circulated the Petition, initiated the Petition, signed the Petition, and submitted the Petition suffer from the same disqualifier, as they are not tribal members and are therefore ineligible.

Included in the list of ineligible individuals is the identified petitioner, Antonia Lopez. Because Ms. Lopez is listed as ineligible, and that ineligibility is supported by the documents provided, Ms. Lopez cannot act as a petitioner. Moreover, even if Ms. Lopez was somehow able to be eligible there is no identified documentation to show that Ms. Lopez was authorized to submit the petition as the designated spokesperson.

### a) 25 C.F.R. § 81.61(a) and (b)(3)

Pursuant to 25 C.F.R. § 81.61(a), the Petition at pages identified as 1 – 19 are challenged.

The pages identified provide that the Petition is improperly formatted, pursuant to 25 C.F.R. § 81.61(b)(3). Each identified page contains the sentence at the top of each page, "By applying my signature on the petition I am joining in the request for Bureau of Indian Affairs to call and conduct a Secretarial Election on the *attached proposed Constitution of the California Valley Miwok Tribe*." (emphasis added). The improper format challenge is supported because there is no document(s) attached or provided to the Petition, as referenced on each identified page in the Petition.

25 C.F.R. § 81.55(a)(1) requires that the Petition must contain "[a] summary of the purpose of the petition, or proposed document, or proposed amendment." Additionally, 25 C.F.R. § 81.6(a)(2) requires that the petitioner must submit "The exact document or amended language to be voted on[.]" Here, there is no document attached or provided to the Petition. Because there is no document attached to the Petition, it is improperly formatted. Merely referencing a document does not satisfy the requirements to call for a Secretarial election under 25 C.F.R. Part 81.

For these reasons provided, the Challenge made pursuant to 25 C.F.R. § 81.61 against the Petition by tribal members Mildred Burley and William David Burley Jr. III provides why the Petition must be determined to be invalid, and cannot be validated pursuant to 25 C.F.R. § 81.62 for purposes of calling a Secretarial election.

Sincerely,

_Mildred Burley_
Mildred Burley

_William Burley_
William David Burley, Jr. III