UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CALIFORNIA VALLEY MIWOK TRIBE**, *et al.*,

    Plaintiffs,

    v.

**DEB HAALAND**, *et al.*,

    Defendants.

Civil Action No. 24-00947 (TSC)

## MEMORANDUM OPINION

Plaintiffs—members of the California Valley Miwok Tribe ("CVMT" or the "Tribe")—sued U.S. Department of the Interior officials, alleging that the eligibility criteria identified by the Bureau of Indian Affairs ("BIA") for CVMT's organization under the Indian Reorganization Act ("IRA") violates the Administrative Procedure Act's ("APA") rulemaking requirements, Compl. ¶¶ 111–25, ECF No. 1, and violates the Fourteenth and Fifteenth Amendments of the U.S. Constitution, *id.* ¶¶ 126–37. On September 3, 2024, Plaintiffs moved for a preliminary injunction to stay "Defendants further use of the Certificate of Degree of Indian Blood to organize, re-organize or otherwise alter the government of the California Valley Miwok Tribe." Pls.' Mot. for Prelim. Inj. ("PI Mot.") at 19, ECF No. 18-1. Defendants oppose the motion. Defs.' Opp'n to Pls.' Mot. for Prelim. Inj. ("Opp'n"), ECF No. 20.

Plaintiffs' request for a preliminary injunction is the fifth attempt by members of CVMT to stop the organization under the IRA, *see* Opp'n at 7–8, and Plaintiffs recently filed another legal action in this district, *see Burley et al. v. Haaland et al.*, No. 24-cv-2455-JMC (D.D.C. Aug. 23, 2024). Courts in this and other jurisdictions have uniformly denied these requests to enjoin

CVMT's organization. *See Cal. Valley Miwok Tribe v. Jewel*, No. 16-cv-01345, 2016 WL 6217057, at *3 (E.D. Cal. Oct. 24, 2016); Hearing Tr. at 43–45, *Cal. Valley Miwok Tribe et al. v. U.S. Dep't of Interior et al.*, No. 19-cv-917, (D.D.C. Apr. 15, 2019), ECF No. 18; *Aranda v. Sweeney*, No. 19-cv-613, 2019 WL 1599178, at *2 (E.D. Cal. Apr. 15, 2019); *Cal. Valley Miwok Tribe v. Haaland*, No. 22-cv-170-JMC, 2023 WL 8005033, at *1 (D.D.C. Nov. 17, 2023). The court agrees with those decisions—Plaintiffs fail to demonstrate imminent and irreparable harm. Therefore, the court will DENY Plaintiffs' Motion for a Preliminary Injunction, ECF No. 18, and Plaintiffs' Motion for a Hearing on the Preliminary Injunction, ECF No. 23, and will transfer this case to the judge overseeing Plaintiffs' other proceedings as a related case, see Notice of Related Case, ECF No. 4; Notice of Related Case, ECF No. 17.

## I.  BACKGROUND

The factual events underlying this action are detailed extensively in prior related cases. *See, e.g.*, *Cal. Valley Miwok Tribe*, 2023 WL 8005033, at *1–3. The court will briefly summarize the IRA organization process and the instant dispute. Under the IRA, "any Indian tribe shall have the right to organize for [their] common welfare" and "adopt an appropriate constitution and bylaws" through a Secretarial election. 25 U.S.C. § 5123(a); Compl. ¶ 101. Organization under the IRA allows a tribe to qualify for certain "governmental benefits." *See Cal. Valley Miwok Tribe v. United States*, 515 F.3d 1262, 1264 (D.C. Cir. 2008). The Secretary of the Interior promulgates regulations setting forth the processes for organizations to ensure that tribal organization "reflect[s] majoritarian values." *Id.* at 1267–68; *see generally* 25 C.F.R. §§ 81.1–63. Specifically, the "Tribe must identify or develop a governing document, gather tribal support for and submit a petition to the BIA for an election, and then allow time for tribal members and the BIA to review the petition." *Cal. Valley Miwok Tribe*, 2023 WL 8005033, at *1 (citing 25 C.F.R. §§ 81.51–62). Then, BIA will hold an election for the tribal members to either approve or reject the proposed governing

document. 25 C.F.R. §§ 81.19, 81.43–45. BIA will also review the election results, including any challenges to the election results. *Id.*

CVMT is a federally recognized "sovereign Indian tribe," Compl. ¶ 38, but "[d]isputes as to the make-up of the 'whole tribal community' . . . have repeatedly thwarted the Tribe's organizational efforts," Opp'n at 1. In November 2021, BIA identified procedures for CVMT's organization, including a methodology for identifying individuals eligible to participate in "drafting and ratifying a constitution." Compl. ¶¶ 52–55. To participate in CVMT's organization, an applicant must demonstrate "lineal descent" from one of four groups. *Id.* The eligible ancestral groups were identified in a 2015 decision by the Department of the Interior's former Assistant Secretary, Kevin Washburn (the "Washburn Decision") and a 2022 decision by the current Assistant Secretary, Bryan Newland (the "Newland Decision"). Opp'n at 5; Compl. ¶¶ 53, 63.

Individuals "believing they had ancestral ties to the Tribe could submit application [sic] using the Certificate of Degree of Indian Blood form." PI Mot. at 12. Applicants reported their lineage on the CDIB form, enabling Defendants to verify whether the applicant is descended from one of the eligible groups. *See* Compl. Ex. 4, ECF No. 1-2. Defendants issued multiple public notices asking individuals to submit applications and subsequently notified participants of their eligibility. PI Mot. at 15–16. The application period for potentially eligible voters closed on January 12, 2023. *Id.* at 15; Opp'n at 6. Individual Plaintiffs each applied, submitting the requested information on the Certificate of Degree of Indian Blood ("CDIB") form, and were all deemed eligible to participate in the election, but they did not register to vote. Opp'n at 6. In January 2024, members of CVMT developed a proposed constitution and, on April 23, 2024, Defendants published notice of a petition to conduct a Secretarial election on CVMT's proposed constitution. PI Mot. at 16–17. The Secretarial Election will occur on October 1, 2024. *Id.* at 17.

The underlying issue here, and in all the prior legal actions, is "who has a legitimate claim to membership and thus the right to participate in the Tribe's organization?" *Cal. Valley Miwok Tribe v. Haaland*, No. 22-cv-1740-JMC, 2024 WL 3756397, at *1 (D.D.C. Aug. 12, 2024). Courts have repeatedly rejected Plaintiffs' challenges to the eligibility criteria in the Washburn Decision and the Newland Decision as overinclusive. *Id.* Most recently, a court in this district granted Defendants summary judgment on Plaintiffs' claim that the Newland Decision was arbitrary and capricious in violation of the APA. *Id.* That court held that, "[f]ar from arbitrary and capricious, the Government's decision derives from reasonable efforts to ensure that the 'tribal government [would] fully and fairly involve the tribal members.'" *Id.* (quoting *Morris v. Watt*, 640 F.2d 404, 415 (D.C. Cir. 1981)).

In this action, Plaintiffs specifically challenge Defendants "use of the Certificate of Degree of Indian Blood to determine which individuals met Indian ancestral requirements." Compl. ¶ 110. Plaintiffs bring two claims. First, they allege that Defendants' decision to use the CDIB qualifies as a "rulemaking" and Defendants failed to follow the rulemaking procedures, specifically notice-and-comment, required under 5 U.S.C. § 553. *Id.* ¶¶ 111–25. Second, Plaintiffs allege that using the CDIB form to identify individuals eligible to participate and vote in the Secretarial election "is a race-based federal determination prohibited by the Fourteenth and Fifteenth Amendments." *Id.* ¶¶ 126–37.

On September 3, 2024, Plaintiffs moved for a preliminary injunction "prohibiting the Defendants further use of the Certificate of Degree of Indian Blood to organize, re-organize or otherwise alter the government of the California Valley Miwok Tribe." PI Mot. at 19.

## II.    LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citations omitted). A movant must

demonstrate (i) a likelihood of success on the merits, (ii) a likelihood of irreparable harm absent injunctive relief, (iii) that the balance of equities tips in their favor, and (iv) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The movant bears the burden of showing that "all four factors, taken together, weigh in favor of the injunction." *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014) (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)). To satisfy its burden, a movant may rely on "evidence that is less complete than in a trial on the merits" so long as it is "credible." *R.I.L–R v. Johnson*, 80 F. Supp. 3d 164, 173 (D.D.C. 2015) (citations omitted).

### III.   ANALYSIS

Plaintiffs fail to demonstrate that they will suffer irreparable harm absent injunctive relief. "[T]he degree of proof required for 'irreparable harm' is 'high,' and . . . a failure to surmount it provides 'grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief.'" *Olu-Cole v. E.L. Haynes Pub. Charter Sch.*, 930 F.3d 519, 529 (D.C. Cir. 2019) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). The movant must demonstrate that injury is "certain and great; it must be actual and not theoretical and of such imminence that there is a clear and present need for equitable relief." *Id.* (alterations omitted) (quoting *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297). Plaintiffs fail to clear that high bar.

The harm identified by Plaintiffs is speculative, rather than certain. *See St. Croix Chippewa Indians of Wis. v. Kempthorne*, 535 F. Supp. 2d 33, 36–37 (D.D.C. 2008). Plaintiffs argue that using the CDIB form to determine eligibility for the Secretarial election "will cause irreparable harm to the Tribe's sovereignty, self-determination and dignity" by "effectively" terminating the "rightful government" of CVMT and replacing it with "a federally selected group of people, dozens who are known to not be members of the Tribe." PI Mot. at 27. Even accepting Plaintiffs'

allegations as true, the injury will only occur if the Tribe votes to adopt the Constitution, the BIA denies any challenges to the election, *and* the BIA approves the election results. Opp'n at 18. The injury depends on the action of third parties, namely the registered voters, any potential challengers, and BIA's Regional Director. *Id.*; *see* PI Mot. at 27–28. In one of the many other legal actions brought by factions of CVMT, the court noted that "Plaintiffs have not cited, nor has the Court found, any case law to suggest that the disputed, non-final results of a Secretarial Election pose a risk of irreparable harm by infringing upon a tribe's sovereignty." *Aranda*, 2019 WL 1599178, at *2. "Such speculation is legally insufficient to constitute the irreparable harm necessary to warrant injunctive relief." *Kempthorne*, 535 F. Supp. 2d at 36–37.

The injunctive relief that Plaintiffs request would also not necessarily prevent the identified harm. A movant must show that the "alleged harm will directly result from the action which the movant seeks to enjoin." *Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiffs ask the court to prohibit "*further* use" of the CDIB form to organize CVMT, but an injunction prohibiting further use of the CDIB form "would have no practical effect." *Abdullah*, 753 F.3d at 199. Defendants used the CDIB form to identify individuals eligible to participate in the Tribe's organization. PI Mot. at 15. The deadline for applicants to submit CDIB forms was January 12, 2023. *Id.* Defendants then assessed the forms and provided eligibility determinations in the spring of 2023. *Id.* at 16. Once those determinations were made, the CDIB forms had served their purpose. *See id.*; Opp'n at 14. Defendants used the CDIB forms during a finite time period which has now passed, and there is no allegation that Defendants plan to revisit or reassess the CDIB forms. The "disconnect and uncertainty" here "counsel[s] against granting preliminary injunctive relief." *Cayuga Nation v. Zinke*, 302 F. Supp. 3d 362, 373 (D.D.C. 2018); *see also AARP v. U.S. Equal Emp. Opportunity Comm'n*, 226 F. Supp.

3d 7, 22 (D.D.C. 2016) (finding a preliminary injunction "would serve little purpose" because plaintiffs were not required to submit new protected information, so any harm "has already occurred").

The extensive passage of time between Defendants' use of the CDIB forms and Plaintiffs' request for a preliminary injunction "further undermines any showing of irreparable injury." *See Biovail Corp. v. U.S. Food & Drug Admin.*, 448 F. Supp. 2d 154, 165 (D.D.C. 2006) (collecting cases). "An unexcused delay in seeking extraordinary injunctive relief may be grounds for denial because such delay implies a lack of urgency and irreparable harm." *AARP*, 226 F. Supp. 3d at 22 (citations omitted). Defendants first announced that CDIB forms would determine eligibility for participation in CVMT's organization in November 2021. Compl. ¶¶ 52–55. But Plaintiffs did not seek to enjoin use of the CDIB form until nearly three years later, when Defendants' eligibility determinations had long-since concluded. *Id.* ¶¶ 52–55, 67. The multi-year delay undermines Plaintiffs' argument that urgent action is necessary. *See, e.g.*, *Cayuga Nation*, 302 F. Supp. 3d at 373 (waiting seven months to seek preliminary injunctive relief "weakens Plaintiffs' irreparable injury showing").

Even if Plaintiffs had identified an imminent injury, it would not be irreparable. After the Secretarial election, BIA must review and resolve any challenges to the election. 25 C.F.R. § 81.45. BIA's decisions on the challenges must be provided in writing to the recognized governing body of the tribe. *Id.* § 81.45(c)(1). If the challenges are sustained, BIA "must authorize a recount or call for a new Secretarial election." *Id.* § 81.45(a). If the challenges are denied or dismissed, BIA must notify the Tribe of the outcome and whether the proposed constitution is "approved or ratified." *Id.* § 81.45(c)(2)–(3). The "decision to approve or disapprove the governing document or amendment is a final agency action." *Id.* § 81.45(c)(4). Any injury inflicted by the Secretarial

election may be remedied through BIA's challenge procedure or judicial review of the final agency action. Plaintiffs have made "no showing that [their] injuries cannot be redressed in the ordinary course of litigation." *Kempthorne*, 535 F. Supp. 2d at 37.

Other courts have consistently refused to enjoin CVMT's organization, rejecting many of the arguments raised by Plaintiffs in this action. *See, e.g.*, *Aranda*, 2019 WL 1599178, at *2–3 (CVMT representatives failed to show that "disputed, non-final results of a Secretarial Election pose a risk of irreparable harm by infringing upon a tribe's sovereignty."); Hearing Tr. at 42:15–19, 44:8–13, *Cal. Valley Miwok Tribe et al. v. U.S. Dep't of the Interior et al.*, No. 19-cv-917 (finding that Plaintiffs "will not be irreparably injured without [a] Temporary Restraining Order" halting an election three days before its conclusion); *Cal. Valley Miwok Tribe*, 2023 WL 8005033, at *4 ("[N]one of the truly consequential steps in the Tribal organization process strike the Court as imminent or irreparable, and Plaintiffs present no authority to the contrary."). Here too, Plaintiffs "have not persuasively distinguished their current request from that of the multiple—and unsuccessful—emergency motions filed by other CVMT factions." *Cal. Valley Miwok Tribe*, 2023 WL 8005033, at *3.

Plaintiffs' failure to show irreparable injury is fatal to their motions; consequently, there is no need to address the remaining factors. *12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 280 F. Supp. 3d 118, 122 (D.D.C. 2017) ("[I]f a court concludes that a movant has not demonstrated irreparable harm, it need not even consider the remaining factors."); *Meta Platforms, Inc. v. Fed. Trade Comm'n*, No. 23-cv-3562-RDM, 2024 WL 1121424, at *7 (D.D.C. Mar. 15,

2024) ("Without irreparable injury, a court must decline to issue preliminary relief on that ground alone."), *on appeal* No. 24-5054 (D.C. Cir. Mar. 15, 2024).[1]

## IV. CONCLUSION

For the foregoing reasons, the court will DENY Plaintiffs' Motion for a Preliminary Injunction, ECF No. 18, and Plaintiffs' Motion for a Hearing on the Preliminary Injunction, ECF No. 23.

Date: September 30, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[1] Under LCvR 65.1(d), the court shall hold a hearing within 21 days of the filing of a preliminary injunction motion, "[o]n request of the moving party with a statement of the facts that make expedition essential, . . . unless the Court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." Plaintiffs did not request a hearing in their motion for a preliminary injunction. *See* PI Mot. Consequently, the court did not schedule one. On September 27, 2024, Plaintiffs filed a motion for a hearing on their preliminary injunction motion. *See* Pls.' Mot. for Hear'g on Prelim. Inj., ECF No. 23. In compliance with LCvR 65.1(d), the court decides Plaintiffs' motion on the papers less than 21 days after Plaintiffs' request for a hearing.